■ GERALD J. BAKER et al., Respondents, v INTERNATIONAL PAPER COMPANY, Appellant. [641 NYS2d 206] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered April 21, 1995 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

While performing work in the employ of Frank Lill & Son, at premises owned by defendant, plaintiff Gerald J. Baker (hereinafter plaintiff)—who does not remember the details of the accident itself—apparently fell and sustained personal injuries. Plaintiff and his wife, derivatively, seek compensation for these injuries, which they allege were caused by defendant's violation of Labor Law §§ 200, 240 (1) and § 241 (6). After issue was joined and discovery had, defendant moved for summary judgment; the motion was denied, prompting this appeal.

As plaintiff's counsel now essentially concedes, even granting plaintiff every favorable inference that might be drawn from the record, the accident in question is not one for which recovery may be had pursuant to Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Pennacchio v Tednick Corp.*, 200 AD2d 809, 810). Accordingly, that aspect of the complaint must be dismissed.

With respect to the remaining causes of action, defendant

---

contends that inasmuch as plaintiff is unable to come forward with any concrete proof of how or why he fell—or even where the fall actually occurred—he has not demonstrated the existence of any material question of fact precluding summary judgment. The initial burden of proof on a motion for summary judgment, however, rests with the moving party (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1063; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967), and since defendant's own proof does not show, by anything other than the same kind of speculation and rank hearsay it accuses plaintiff of employing, that plaintiff's fall was caused by something other than the litter-strewn work area, which could form the predicate for liability pursuant to Labor Law §§ 200 or 241 (6), dismissal was not warranted on this basis.

More specifically, regarding the claim that defendant failed to comply with applicable regulatory safety standards (*see,* Labor Law § 241 [6]), we note at the outset that plaintiff's service of an amended bill of particulars, setting forth the regulations relied upon to support this claim, was not improper (*see,* CPLR former 3042 [g]). And although, as defendant observes, several of the regulations listed therein are merely general standards, insufficient to constitute a basis for recovery under the statute, at least one represents a specific mandate that was arguably contravened (*see,* 12 NYCRR 23-1.7 [e] [2]; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797-798). Given the record evidence indicating that this regulation may, indeed, have been violated, and the fact that defendant has not established, prima facie, that such violation was not a proximate cause of plaintiff's fall, Supreme Court rightly refused to dismiss this portion of the complaint.

We also reject defendant's argument that plaintiff has failed to raise a triable question of fact regarding defendant's duty under Labor Law § 200. That duty, to provide a safe place to work, though not absolute, will be imposed upon a construction site owner who has the authority to supervise or control the work being performed, and has actual or constructive notice of an allegedly unsafe condition (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642). In this instance, defendant's employees testified that they made regular safety inspections of the entire premises, including the roof area where the accident occurred, and had actually visited that area as recently as the day before the incident; from this it could be inferred that defendant had actual notice of the old, rusted material and other debris that plaintiff and others claim was "laying around" on

the roof on the day of the accident. These same employees also admitted that they had the authority to, and did, patrol for safety violations, and halt work when an unsafe condition was observed. This is sufficient to raise an issue of fact with respect to whether defendant had assumed control to such a degree as to give rise to liability under Labor Law § 200 (*see, Brogan v International Bus. Machs. Corp.*, 157 AD2d 76, 80). This cause of action was therefor properly sustained.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding plaintiffs' Labor Law § 240 (1) claim; motion granted to that extent and summary judgment awarded to defendant dismissing said claim; and, as so modified, affirmed.