■ THOMAS Boss et al., Respondents, v INTEGRAL CONSTRUCTION CORPORATION, Appellant and Third-Party Plaintiff-Appellant and Second Third-Party Plaintiff. INTERBORO WINDOW, INC., Third-Party Defendant-Respondent, et al., Second Third-Party Defendant. [672 NYS2d 92] —Order, Supreme Court, New York County (Norman Ryp, J.), entered March 19, 1997, which denied defendant and third-party plaintiff's CPLR 3212 motion for summary judgment dismissing the complaint or for summary judgment upon its third-party complaint, unanimously modified, on the law, and upon a search of the record, to grant plaintiff partial summary judgment as to liability on his Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Contrary to the arguments made by defendant and third-party plaintiff Integral Construction Corporation (Integral), the motion court properly denied its motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim. Plaintiff was injured when he fell while installing windows without the protection of any safety devices, and since his injuries were thus at least partially attributable to the risks arising from an elevation differential, they come within the remedial ambit of Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514). Indeed, although plaintiff did not move for summary judgment before the motion court and has not cross-appealed, invocation of our power to search the record pursuant to CPLR 3212 (b) is appropriate here where a motion for summary judgment respecting the Labor Law § 240 (1) cause of action is before the Court (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 428-429; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110), and, upon such a search of the record, we grant plaintiff partial summary judgment as to liability on his Labor Law § 240 (1) claim. Since, as noted, no

safety devices were provided, Integral is liable as a matter of law on that claim (see, *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521; *Sherman v Piotrowski Bldrs.*, 229 AD2d 959; *Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 884).

The motion court properly allowed plaintiff to amend the complaint and bill of particulars to allege a violation of specific Industrial Code regulations in support of his Labor Law § 241 (6) claim (see, CPLR 3025); the sections of the Industrial Code cited by plaintiff (12 NYCRR 23-1.7 [b], [d], [e]) are sufficiently specific to support a Labor Law § 241 (6) cause of action (see generally, *Ross v Curtis-Palmer Hydro-Elec. Co.*, 84 NY2d 494, 504-505). Nonetheless, it is clear that 12 NYCRR 23-1.7 (b) does not apply to the facts at bar, since plaintiff did not fall into a "hazardous opening" (see, *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003; *DeLong v State St. Assocs.*, 211 AD2d 891, 893), and that 12 NYCRR 23-1.7 (d) does not apply since there is no evidence of a slippery condition, and that 12 NYCRR 23-1.7 (e) (1) does not apply since plaintiff's accident did not involve a "passageway" (see, *Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750; *Lenard v 1251 Am. Assocs.*, 241 AD2d 391). On the other hand, 12 NYCRR 23-1.7 (e) (2) does apply, since the piece of sheetrock on which the plaintiff allegedly tripped constituted "debris" and "scattered * * * materials" within the meaning of that regulation (see, *Lenard v 1251 Am. Assocs.*, 241 AD2d, *supra,* at 393 ; *Baker v International Paper Co.*, 226 AD2d 1007; *White v Sperry Supply & Warehouse,* 225 AD2d 130; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796).

Since plaintiff alleged that Integral workers placed the sheetrock in a location where it caused him to trip, and there is no evidence in the record to the contrary, the motion court properly denied Integral's motion for summary judgment on the negligence and Labor Law causes of action, and properly determined that this issue of fact, i.e., whether Integral was responsible for the placement of sheetrock, and the issue of Integral's control over safety practices at the work site (see, *Gawel v Consolidated Edison Co.*, 237 AD2d 138), precluded any grant of summary judgment to Integral on the indemnification claim interposed in its third-party complaint. Concur— Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.