OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Charles F. Evans Company, an insured, seeks a declaration that defendant Zurich Insurance Company must defend it in an underlying action.
 

 Damon G. Douglas Company, a general contractor, subcontracted with Evans to do roofing work for a building constructed for BASF Corporation. Douglas sued BASF claiming the remaining amounts due under the construction contract. BASF, in turn, counterclaimed against Douglas, alleging that the roofing around the skylights in the new building was improperly installed and leaked. Douglas then brought a third-party action for indemnity and contribution against Evans. BASF’s counterclaim in the underlying action sought damages for breach of the construction contract, in part incurred because of bodily injury. Specifically, BASF alleged that due to the leaking roof, its employees “slipped and fell in puddles * * * and were injured,” and “[a]s a result thereof, BASF has been forced to incur expenses, in the form of lost-time and workers’ compensation claims, and has thereby been damaged.”
 

 The policy, providing coverage for “those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’,” is at least ambiguous as to whether the claims in question are covered, and must be construed against
 
 *781
 
 the insurer. The claims arising from slip-and-fall injuries thus allege “facts or grounds which bring the action within the protection purchased,” and trigger Zurich’s duty to defend Evans
 
 (Seaboard Sur. Co. v Gillette Co.,
 
 64 NY2d 304, 310;
 
 see, Schwamb v Fireman’s Ins. Co.,
 
 41 NY2d 947, 949;
 
 International Paper Co. v Continental Cas. Co.,
 
 35 NY2d 322, 325-326). We also reject Zurich’s contention that the alleged slip-and-falls were not “occurrences” (defined to include an “accident”) within the meaning of its policy.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs, in a memorandum.