■ MICHELLE McCOY, Plaintiff, v QUEENS HYDRAULIC CO., INC., Defendant and Third-Party Plaintiff-Respondent. FELDWARE, INC., Third-Party Defendant-Appellant. [729 NYS2d 733] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 25, 2000, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendant third-party plaintiff-respondent, the motion is granted, and the third-party complaint is dismissed.

In May 1997 the plaintiff severed a portion of her right index finger while operating a hydraulic press in the course of her employment. Following the accident, the plaintiff commenced this action against Queens Hydraulic Co., Inc. (hereinafter Queens Hydraulic), alleging that it negligently designed and manufactured the press she was operating at the time of her accident. Queens Hydraulic in turn commenced a third-party action against the plaintiff's employer, Feldware, Inc. (hereinafter Feldware). After some discovery had been conducted, Feldware moved for summary judgment dismissing the third-party complaint on the ground that the plaintiff had not sustained a "grave injury" as defined by Workers' Compensation Law § 11. In support of the motion, Feldware relied upon hospital records and medical reports which revealed that the plaintiff suffered the amputation of the distal phalanx, or upper third of her index finger. The Supreme Court denied Feldware's motion for summary judgment, and we reverse.

Workers' Compensation Law § 11 was amended in 1996 to permit an employer to be held liable for contribution or indemnity only where the third-party plaintiff proves through competent medical evidence that the employee sustained a "grave injury" (*see, Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636). "The term 'grave injury' has been defined as a 'statutorily defined threshold for catastrophic injuries' * * * and includes only those injuries which are listed in the statute and determined to be permanent" (*Ibarra v Equipment Control,* 268 AD2d 13, 17-18, quoting *Kerr v Black Clawson Co.,* 241 AD2d 686). Although loss of an index finger is included within the statutory definition of grave injury, the plaintiff lost only the upper third of her index finger. Giving the words in the

statute their plain meaning, the term "loss of an index finger" cannot be read to encompass the partial loss of an index finger (*see, Castro v United Container Mach. Group,* 96 NY2d 398). Accordingly, we find, as a matter of law, that the plaintiff did not sustain a grave injury as defined by the statute (*see, Castro v United Container Mach. Group, supra*). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.