■ ELISEO PALACIO, Plaintiff, v TEXTRON, INC., et al., Defendants and Plaintiffs-Appellants. PLANDOME COUNTRY CLUB, INC., Third-Party Defendant-Respondent. [743 NYS2d 178] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Franco, J.), entered July 5, 2001, which granted the motion of the third-party defendant to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff injured his hand on the blades of a lawnmower while working for the third-party defendant, Plandome Country Club, Inc. (hereinafter Plandome). He commenced this action against the manufacturer and seller of the lawnmower, Textron, Inc., and its subsidiary (hereinafter Textron), and Textron commenced this third-party action for contribution and common-law indemnification against Plandome.

Plandome moved to dismiss the third-party complaint on the ground that the plaintiff's injuries did not qualify as a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577). Plandome met its burden of proving by competent admissible evidence that the injuries to the plaintiff's hand, while clearly serious, did not rise to the level of "grave" injuries within the meaning of Workers' Compensation Law § 11 (*see Meis v ELO Org.,* 97 NY2d 714, 716; *Castro v United Container Mach. Group,* 96 NY2d 398). In opposition to the motion, Textron failed to demonstrate the existence of any genuine issue of fact. Accordingly, since the plaintiff did not sustain a grave injury, the Supreme Court properly dismissed the third-party complaint (*see Meis v ELO Org., supra*; *Castro v United Container Mach. Group, supra*; *Dunn v Smithtown Bancorp,* 286 AD2d 701, 702-703, *lv denied* 97 NY2d 610; *Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487, 488). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.