■ PAUL BLACKBURN, Plaintiff, v WYSONG AND MILES COMPANY, Defendant and Third-Party Plaintiff-Appellant, STEIN INDUSTRIES, INC., Respondent, et al., Defendants. [783 NYS2d 609]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Wysong and Miles Company, appeals from so much of (1) an order of the Supreme Court, Suffolk County (Underwood, J.), entered February 21, 2003, as granted the motion of the defendant third-party defendant, Stein Industries, Inc., to dismiss the third-party complaint insofar as asserted against it, and (2) an order of the same court entered October 29, 2003, as denied its motion for leave to renew the motion to dismiss the third-party complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to Stein Industries, Inc., by Wysong and Miles Company.

In May 1997 the plaintiff was seriously injured when a steel press brake machine he was operating in the course of his employment came down on his hands, injuring nine of his fingers. The plaintiff commenced this action against, among others, Wysong and Miles Company (hereinafter Wysong), which manufactured the machine, and the plaintiff's employer, Stein Industries, Inc. (hereinafter Stein). Wysong commenced a third-party action against Stein, seeking contribution and indemnification.

Under the 1996 amendments to Workers' Compensation Law § 11, an employer may only be held liable for contribution or indemnification if the employee has sustained a grave injury (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]). Grave injury is a statutorily-defined threshold for catastrophic injuries, and includes only those injuries which are listed in the statute and determined to be permanent (*see Ibarra v Equipment Control*, 268 AD2d 13, 17-18 [2000]). Among the grave injuries listed in the statute is the loss of multiple fingers or the loss of an index finger. Although the record establishes that the plaintiff lost half of his index finger, giving the words in the statute their plain meaning, the term "loss of an index finger" cannot be read to encompass the partial loss of an index finger (*see Palacio v Textron, Inc.*, 295 AD2d 415 [2002]; *McCoy v Queens Hydraulic Co.*, 286 AD2d 425, 426 [2001]). Similarly, the loss of parts of multiple fingers does not amount to the total loss of those fingers (*see Castro v United Container Mach. Group*, 96 NY2d 398 [2001]). Accordingly, we find as a matter of law that, despite the serious nature of his injuries, the plaintiff did not sustain a grave injury as defined by the statute.

The Supreme Court providently exercised its discretion in denying Wysong's motion for leave to renew. No new facts were introduced by Wysong in support of its motion.

Wysong's remaining contentions are without merit. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.