■ MEI CAI CHEN et al., Respondents, v EVERPRIME 84 CORP., Appellant. [825 NYS2d 184]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered November 29, 2005, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The first-named plaintiff, who worked as a home attendant

for a disabled resident of defendant's building, was injured when she fell backwards down the outside stairs leading to the inward-opening door to the building. Plaintiff testified that she was attempting to enter the building when she found that she could not turn her key in the door's lock. She then tried turning the doorknob, and the doorknob "suddenly loosened up" and came out of the door. According to plaintiff, she fell backwards down the stairs when the doorknob came out of the door.

Assuming without deciding that plaintiff has raised an issue as to whether defendant was negligent in failing to remedy the defective conditions of the lock and doorknob, falling backwards was not, as a matter of law, "among the hazards that are naturally associated" (*Di Ponzio v Riordan*, 89 NY2d 578, 585 [1997]) with the condition defendant failed to repair, namely, the jammed lock and loose doorknob of an inward-opening door. Stated otherwise, defendant cannot be held liable for plaintiff's injuries, since such injuries resulted from an occurrence (a fall down the stairs) that was not "within the class of foreseeable hazards that the [alleged] duty [to fix the lock and doorknob] exist[ed] to prevent" (*id.* at 584; *see also Pinero v Rite Aid of N.Y.*, 99 NY2d 541, 542 [2002] [defendant was properly granted summary judgment where "plaintiff's accident was not within the reasonably foreseeable risks of the defendant's alleged negligence"]; *Sanchez v State of New York*, 99 NY2d 247, 252 [2002] ["Although the precise manner in which the harm occurred need not be foreseeable, liability does not attach unless the harm is within the class of reasonably foreseeable hazards that the duty exists to prevent"]). We would add that "[q]uestions of foreseeability are for the court to determine as a matter of law when [as here] there is only a single inference that can be drawn from the undisputed facts" (*Pinero v Rite Aid of N.Y.*, 294 AD2d 251, 252 [2002], *affd* 99 NY2d 541 [2002], *supra*).

The dissent primarily focuses on an issue (whether defendant had notice of the problems with the doorknob and lock) that, as expressly stated above, we have assumed to be resolved in plaintiff's favor. To reiterate, even assuming that defendant had notice that the doorknob and lock required repairs, the harm that befell plaintiff (falling backwards down the steps leading to the door) simply was not a reasonably foreseeable hazard of the condition of the doorknob and lock. This is especially so given that the door in question opened inward, and thus one would push, rather than pull, the knob to open the door.

As to the dissent's assertion that "most" doors to residences open outward, this claim is not relevant, as it finds no support in the record, and has not even been asserted on plaintiff's

behalf. In this case, residents of the building, as well as plaintiff, who frequently visited the building to perform her job, would have been well aware that the building's door opened inward (which plaintiff does not dispute). Accordingly, plaintiff's fall backwards was not a reasonably foreseeable hazard of the condition of the doorknob and lock. Concur—Andrias, J.P., Friedman, Sullivan and Nardelli, JJ.

Malone, J., dissents in a memorandum as follows: I disagree with the majority's finding that plaintiff's fall down the stairs was an unforeseeable risk of defendant's failure to repair the building lock and doorknob. I would find that an issue of fact exists as to whether defendant had actual or constructive notice of the defective doorknob, and affirm the order of the motion court.

Plaintiff testified that she had a problem turning the front doorknob of defendant's building every day starting three to four months before the accident. Both her employer, a building tenant for many years, and the tenant's goddaughter testified that over the years the front door lock constantly jammed, making it difficult to get the door open even with a key and that they observed that other tenants and delivery personnel also had to push and pull hard on the doorknob to get the door open. The tenants testified they made several complaints about the defective lock to the building superintendent.

Actual notice of the loosening condition of the doorknob can be inferred from the managing agent's weekly building inspection and regular use of the front door of the building (*see Baker v International Paper Co.*, 226 AD2d 1007, 1008-1009 [1996]). An additional issue of fact is raised by plaintiff's witnesses' affidavits stating that they had complained about the condition to the building superintendent. There was evidence that the lock, doorknob and the door-opening mechanism were replaced one year prior to the accident because of a "jamming" problem, but there was no evidence that the condition which caused the jamming was eliminated. These circumstances, while supportive of the tenants' testimony about an ongoing problem with the front door, do not summarily disprove the existence of a continuing problem with the door jamming. At the very least, viewing plaintiff's deposition testimony and the supporting affidavits in the light most favorable to plaintiff, a reasonable inference exists to charge defendant with constructive notice of the doorknob's defective condition (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Pirrelli v Long Is. R.R.*, 226 AD2d 166 [1996]).

It has been my experience that most doors allowing people to

enter a dwelling open outward. Given testimony that tenants and delivery personnel habitually pulled on the subject doorknob to try to open the door, which I believe were reasonable actions when the door did not open when pushed inward, defendants should have foreseen that the doorknob would loosen under continuing stress and eventually come off. Under these facts, the injuries plaintiff sustained when after pulling and pushing the doorknob it came off, causing her to fall from the shallow stoop down the stairs to the sidewalk below, were not "so unlikely to occur that the risk . . . would commonly be disregarded" (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997] [internal quotation marks omitted]). "Issues of negligence, foreseeability and proximate cause involve the kinds of judgmental variables which have traditionally, and soundly, been left to the finders of fact to resolve even where the facts are essentially undisputed" (*Rotz v City of New York*, 143 AD2d 301, 304 [1988]). It is my opinion that the evidence in this case raises triable issues of fact not amenable to summary disposition as a matter of law. Accordingly, I would affirm the denial of summary judgment to defendant.