■ ANTHONY MENTESANA, Respondent, v BERNARD JANOWITZ CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, and WJ HARBOR RIDGE, LLC, Respondent. LOW-BID, INC., Third-Party Defendant-Appellant. [828 NYS2d 522]—

In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant, Low-Bid, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated November 24, 2004, as granted that branch of the motion of the defendant second third-party plaintiff, Bernard Janowitz Construction Corp., and the defendant WJ Harbor Ridge, LLC, which was for summary judgment on the claim of Bernard Janowitz Construction Corp., for common-law indemnification against it, granted that branch of the cross motion of the defendant third-party plaintiff, Beauce Atlas, Inc., which was for summary judgment on its claim for contractual indemnification against it, and denied its cross motion for summary judgment seeking dismissal of all claims for common-law and contractual indemnification asserted by Bernard Janowitz Construction Corp., and Beauce Atlas, Inc., against it, and (2) from an order of the same court dated March 31, 2005 which denied its motion for leave to reargue and renew.

Ordered that the appeal from so much of the order dated March 31, 2005 as denied that branch of the motion of Low-Bid, Inc. which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 24, 2004 is modified, on the law, by (1) deleting the provisions thereof granting that branch of the motion of the defendant second third-party plaintiff, Bernard Janowitz Construction Corp., and the defendant WJ Harbor Ridge, LLC, which was for summary judgment on the claim of Bernard Janowitz Contruction Corp. for

common-law indemnification and granting that branch of the cross motion of the defendant third-party plaintiff, Beauce Atlas, Inc., which was for summary judgment on its claim for contractual indemnification, and substituting therefor a provision denying those branches of the motion and cross motion, and (2) deleting the provision thereof denying that branch of the cross motion of Low-Bid, Inc., which was for summary judgment dismissing the common-law indemnification claims asserted against it and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated November 24, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 31, 2005 is affirmed insofar as reviewed, without costs or disbursements.

On August 16, 2002 the plaintiff allegedly was injured in the course of his employment with the third-party defendant/second third-party defendant-appellant, Low-Bid, Inc. (hereinafter Low-Bid), when a steel beam hit his hand, injuring his left index finger and resulting in its partial amputation. The plaintiff commenced this action against, among others, Bernard Janowitz Construction Corp. (hereinafter Janowitz), and Beauce Atlas, Inc. (hereinafter Beauce), who were the general contractor and the steel fabricator, respectively, on the project. Janowitz and Beauce each commenced a separate third-party action against Low-Bid, seeking indemnification.

An employer may be held liable for contribution or indemnification if the employee has sustained a grave injury as defined by the Workers' Compensation Law (see Workers' Compensation Law § 11; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]; *Blackburn v Wysong & Miles Co.*, 11 AD3d 421 [2004]). Grave injuries are those injuries that are listed in the statute and are determined to be permanent (see *Blackburn v Wysong & Miles Co., supra* at 422; *Ibarra v Equipment Control*, 268 AD2d 13 [2000]). Among the grave injuries listed in the statute is the loss of an index finger (see Workers' Compensation Law § 11). The partial loss of an index finger, as is the case here, is not the "loss of an index finger" enumerated in the statute (see *Castro v United Container Mach. Group*, 96 NY2d 398, 401 [2001]; *Blackburn v Wysong & Miles Co.*, 11 AD3d 421 [2004]; *McCoy v Queens Hydraulic Co.*, 286 AD2d 425 [2001]). Accordingly, the plaintiff did not sustain a grave injury as defined by the statute. The Supreme Court erred, therefore, in denying that branch of Low-Bid's cross motion which was for summary judgment dismissing the common-law indemnification claims asserted against it and granting that branch of the mo-

tion of Janowitz and the defendant WJ Harbor Ridge, LLC, which was for summary judgment on Janowitz's common-law indemnification claim.

Further, the Supreme Court should have denied that branch of Beauce's cross motion which was for summary judgment on its claim for contractual indemnification against Low-Bid. Even in the absence of grave injury, an employer may be subject to an indemnification claim based upon a provision in a written contract (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 429-430 [2005]; Workers' Compensation Law § 11). Although the purchase order between Beauce and Low-Bid may have constituted a valid contract (*see Kay-Bee Toys Corp. v Winston Sports Corp.*, 214 AD2d 457, 458 [1995]; *Thomaier v Hoffman Chevrolet*, 64 AD2d 492, 495 [1978]), even though it was not signed by Low-Bid (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]; *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399-400 [1977]), Beauce failed to demonstrate that the indemnification provision upon which it relies was a part of that contract. Since Beauce thus failed to establish its prima facie entitlement to judgment, its cross motion for summary judgment in this regard should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Finally, the Supreme Court providently exercised its discretion in denying that branch of Low-Bid's motion which was for leave to renew (*see* CPLR 2221 [e]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.