[882 NE2d 885, 853 NYS2d 273]

WILFREDO ALEXIS CASTILLO, Respondent, v 711 GROUP, INC., Defendant and Third-Party Plaintiff-Respondent. 3-D LABORATORY, INC., Third-Party Defendant-Appellant.

Decided February 12, 2008

### APPEARANCES OF COUNSEL

*Baxter, Smith, Tassan & Shapiro, P.C.*, Hicksville (*Sim R. Shapiro* of counsel), for third-party defendant-appellant.

*Miller & Associates, P.C.*, New York City (*Scott E. Miller* of counsel), and *Jones Hirsch Connors & Bull, P.C.* (*Mark D. Wellman* of counsel), for third-party plaintiff-respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Third-party defendant 3-D Laboratory, Inc. moved for summary judgment dismissing the third-party action against it, claiming the injuries plaintiff sustained to his left index finger did not qualify as a "grave injury" under Workers' Compensation Law § 11. Supreme Court denied the motion. The Appellate Division affirmed the denial of the third-party defendant's motion, but searched the record and awarded plaintiff and defendant/third-party plaintiff 711 Group, Inc. partial summary judgment on the issue whether plaintiff suffered a "grave injury" under Workers' Compensation Law § 11. We affirm.

Workers' Compensation Law § 11 expressly lists the "loss of an index finger" as a "grave injury." Consistent with the principle that "[w]ords in a statute are to be given their plain meaning without resort to forced or unnatural interpretations,"

this Court has held that "the word 'finger' means the whole finger, not just its tip" (*Castro v United Container Mach. Group,* 96 NY2d 398, 401 [2001]).

Here, plaintiff demonstrated that he lost both interphalangeal joints of his left index finger, leaving a "painful amputation stump" that required two corrective surgeries to desensitize. Thus, plaintiff established that he suffered the "loss of an index finger" within the meaning of Workers' Compensation Law § 11 (*cf. Mentesana v Bernard Janowitz Constr. Corp.,* 36 AD3d 769, 770 [2d Dept 2007]; *Blackburn v Wysong & Miles Co.,* 11 AD3d 421, 422 [2d Dept 2004]; *McCoy v Queens Hydraulic Co.,* 286 AD2d 425, 425 [2d Dept 2001]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.