■ GUY LAFONTANT et al., Respondents, v U-HAUL CO. OF FLORIDA et al., Appellants. [854 NYS2d 405]—

In an action to recover damages for personal injuries, etc., the defendants U-Haul Co. of Florida, U-Haul Co. of Arizona, and Maurice Marable appeal from (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated September 27, 2006, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict finding the plaintiff Guy Lafontant 55% at fault and the defendant Maurice Marable 45% at fault in the happening of the accident, and for judgment as a matter of law, and (2) a judgment of the same court dated November 22, 2006, which, upon a stipulation holding the defendants U-Haul Co. of Florida and U-Haul Co. of Arizona vicariously liable for the negligence of the defendant Maurice Marable, upon the jury verdict, and upon the order, is in favor of the plaintiffs and against them, jointly and severally, in the principal sum of $146,250.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is granted, the complaint is dismissed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Guy Lafontant (hereinafter the injured plaintiff) claims that he was injured while assisting the defendant Maurice Marable in loading a truck owned by the defendant U-Haul Co. of Florida and leased by the defendant U-Haul Co. of Arizona. The injured plaintiff testified at trial that he was standing on the platform of the truck when Marable and another man dropped a heavy piece of furniture in the truck, causing the truck bed to move. According to the injured plaintiff, the movement of the truck caused him to lose his balance and fall from the truck bed to the ground.

Prior to the trial, the parties stipulated that U-Haul Co. of

Florida and U-Haul Co. of Arizona were subject to vicarious liability for Marable's conduct. After trial, the jury found Marable 45% at fault in the happening of the accident. The Supreme Court denied the defendants' motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, and entered judgment in favor of the plaintiffs and against all of the defendants, jointly and severally. We reverse.

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." A court may set aside a jury verdict as unsupported by legally sufficient evidence only if there is " 'no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis of the evidence at trial' " (*Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Although the determination of whether a defendant acted negligently in light of the foreseeable risks should generally be resolved by the finder of fact (*see Kriz v Schum*, 75 NY2d 25, 34 [1989]), "the law draws a line between remote possibilities and those that are reasonably foreseeable because '[no] person can be expected to guard against harm from events which are . . . so unlikely to occur that the risk . . . would commonly be disregarded' " (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997], quoting Prosser and Keeton, Torts § 31, at 170 [5th ed]).

Here, upon the evidence presented at trial, there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to conclude that the injured plaintiff's accident was foreseeable under these circumstances. As a matter of law, the "plaintiff's accident was not within the reasonably foreseeable risks of the [defendants'] alleged negligence" (*Pinero v Rite Aid of N.Y.*, 99 NY2d 541, 542 [2002]; *see Jean v City of New York*, 40 AD3d 926, 927 [2007]; *Mei Cai Chen v Everprime 84 Corp.*, 34 AD3d 321, 322 [2006]). Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law.

In light of our determination, we need not address the defendants' remaining contention. Mastro, J.P., Rivera, Covello and Dickerson, JJ., concur.