*749 In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated November 16, 2007, which granted the third-party defendant’s motion for summary judgment dismissing the third-party complaint.
Ordered that the order is affirmed, with costs.
On March 14, 2005, the plaintiff allegedly fell and broke her ankle in the course of her employment with the third-party defendant, Brakewell Steel Fabricators, Inc. (hereinafter Brakewell). The plaintiff commenced this action against 55 Leone Lane, LLC, Daniel E Doyle, Sr., and Marion Doyle (hereinafter the defendants), who, at various times, owned the property where the plaintiff allegedly fell. The defendants commenced a third-party action against Brakewell for common-law and contractual indemnification.
An employer may be held liable for common-law indemnification if the employee has sustained a grave injury as defined by the Workers’ Compensation Law (see Workers’ Compensation Law § 11; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]; Blackburn v Wysong & Miles Co., 11 AD3d 421 [2004]). Grave injuries are those injuries that are listed in the statute and are determined to be permanent (see Blackburn v Wysong & Miles Co., 11 AD3d at 422; Ibarra v Equipment Control, 268 AD2d 13 [2000]). A broken ankle is not an injury listed in the statute. Accordingly, the plaintiff did not sustain a grave injury as defined by the statute. The Supreme Court, therefore, correctly granted that branch of Brakewell’s motion which was for summary judgment dismissing the defendants’ common-law indemnification claim.
Further, the defendants were not entitled to contractual indemnification from Brakewell. Even in the absence of grave injury, an employer may be subject to an indemnification claim “based upon a provision in a written contract” (Workers’ Compensation Law § 11; see Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 430 [2005]). Eursuant to General Obligations Law § 5-321, a lease provision which purports to exempt a lessor from liability for its own acts of negligence is void and unenforceable (see Gross v Sweet, 49 NY2d 102 [1979]; Gibson v Bally Total Fitness Corp., 1 AD3d 477 [2003]; Radius, Ltd. v Newhouse, 213 AD2d 614 [1995]). The broad indemnification provision in the lease purportedly shifts the entire responsibility for damages to Brakewell regardless of the defendants’ own negligence. Accordingly, the indemnification clause is unenforce *750 able under General Obligations Law § 5-321 (see Gibson v Bally Total Fitness Corp., 1 AD3d 477 [2003]; Leone v Leewood Serv. Sta., 212 AD2d 669, 672 [1995]). Therefore, the Supreme Court correctly granted that branch of Brakewell’s motion which was for summary judgment dismissing the defendants’ contractual indemnification claim.
The defendants’ remaining contention is without merit. Ritter, J.E, Florio, Miller and Garni, JJ., concur.