■ ROBERT CRUVER, Appellants, v LOCKE LENDING, INC., Doing Business as UNCLE BOB'S SELF STORAGE, Also Known as SOVRAN SELF-STORAGE, Respondent. (And a Third-Party Action.) [895 NYS2d 728]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered May 22, 2009, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was injured while standing in the driveway of his home approximately 10 to 15 feet behind a moving van, which was owned by the defendant and rented to the infant plaintiff's grandmother on the day of the accident. As his mother's fiancé attempted to dislodge the vehicle from an accumulation of snow, a piece of plywood was ejected from beneath the vehicle and struck the infant plaintiff. The deposition testimony of the infant plaintiff, his mother's fiancé, and his grandmother was consistent in that none of them knew who placed the plywood under the vehicle or even saw the piece of plywood prior to the happening of the accident.

The Supreme Court granted the defendant's motion for summary judgment dismissing of the complaint. We affirm.

The Supreme Court properly determined that, in light of the deposition testimony, the defendant established its prima facie entitlement to judgment as a matter of law (*see Lapidus v State of New York*, 57 AD3d 83 [2008]; *Lafontant v U-Haul Co. of Fla.*, 48 AD3d 757 [2008]; *Rubin v Staten Is. Univ. Hosp.*, 39 AD3d 618 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Gelesko v Levy*, 37 AD3d 528 [2007]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Florio, Hall and Austin, JJ., concur.