■ NASSAU PLAZA ASSOCIATES, L.P., et al., Respondents, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant. [904 NYS2d 478]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Fernandez v Nassau Plaza Associates, L.P.*, pending in the Supreme Court, Queens County, under index No. 14042/07, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered August 20, 2009, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs, upon searching the record, summary judgment on the complaint is awarded to the plaintiffs, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that the de-

fendant is obligated to defend and indemnify the plaintiffs in the underlying action.

In response to the defendant's motion for summary judgment on the ground of late notice, the plaintiffs submitted evidence demonstrating, as a matter of law, that they provided the defendant with timely notice under the terms of the subject insurance policy. In this regard, the notice given by the plaintiffs complied with the requirements of the "Notice To Company" endorsement set forth in the policy, since the plaintiffs gave notice once the worker who allegedly was injured on their property had exhausted all avenues of administrative and judicial review of the rejection of his claim for workers' compensation benefits. Hence, in accordance with the endorsement, the notice was given by the plaintiffs as soon as they were "definitely made aware" that the worker's injuries constituted a liability matter within the coverage of the policy, rather than a workers' compensation matter. To the extent that the defendant urges adoption of an alternative interpretation of the notice endorsement which would have required notice to be given at an earlier point in the workers' compensation proceedings, we note that the alternative interpretation establishes, at best, the existence of an ambiguity in the endorsement (*see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326 [1996]; *NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]), which must be construed in favor of the plaintiffs and against the defendant (*see generally White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Charles F. Evans Co. v Zurich Ins. Co.*, 95 NY2d 779, 780-781 [2000]; *Essex Ins. Co. v Laruccia Constr., Inc.*, 71 AD3d 818 [2010]).

The defendant's remaining contention is without merit.

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Grabowski v Consolidated Edison Co. of N.Y., Inc.*, 72 AD3d 888 [2010]; *Rivera v Port Auth. of N.Y. & N.J.*, 69 AD3d 917 [2010]). Accordingly, under the circumstances, summary judgment is awarded to the plaintiffs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Covello, Belen and Hall, JJ., concur.