■ DARRIN HARSCH et al., Respondents, v CITY OF NEW YORK et al., Respondents, and BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendant (And Third-Party Actions.) [910 NYS2d 540]—

In an action to recover damages for personal injuries, etc., the defendant Brooklyn Union Gas Company appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated May 11, 2009, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Brooklyn Union Gas Company which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and, upon searching the record, those branches of the respective cross motions of the defendants City of New York and Felix Equities, Inc., which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted as against each of them are granted, and the determination in the order denying those branches of the respective cross motions is vacated.

The plaintiff Darrin Harsch (hereinafter the plaintiff) was a construction worker employed by a subcontractor performing gas service line repairs for the defendant Brooklyn Union Gas Company (hereinafter BUG). In the course of his work, the plaintiff employed an air compressor to operate the jackhammers and other tools he used to excavate the street where the gas service lines were located. The plaintiff was injured when he fell on what he alleges was soft, loose, and uneven pavement, as he moved the air compressor from the location where he was excavating the street and repairing gas service lines, to the location on the street where he intended to hitch the air compressor to a truck. The plaintiff and his wife, suing derivatively, commenced this action against, among others, BUG, the defendant Felix Equities, Inc. (hereinafter Felix), and the defendant City of New York, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. The Supreme Court, inter alia, denied BUG's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and also denied the City's and Felix's respective cross motions for the same relief. BUG was the only party to file a notice of appeal.

Where, as here, a plaintiff's injuries stem not from the man-

ner in which the work was being performed, but, rather, from an alleged dangerous or defective condition on or at the subject premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site, and either created, or had actual or constructive notice of, the dangerous condition (*see Martinez v City of New York*, 73 AD3d 993 [2010]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725 [2008]). BUG failed to establish, prima facie, that it lacked control over the premises containing the condition which caused the plaintiff's injury and, further, failed to establish, prima facie, that it neither created nor had actual or constructive notice of the alleged dangerous condition (*see Van Salisbury v Elliott-Lewis*, 55 AD3d 725 [2008]; *Lane v Fratello Constr. Co.*, 52 AD3d 575 [2008]; *Foster v Spevack*, 198 AD2d 892 [1993]). Therefore, the Supreme Court properly denied that branch of BUG's cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as against it.

The Supreme Court also properly denied that branch of BUG's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it. BUG failed to establish its prima facie entitlement to judgment as a matter of law with respect to that cause of action since the plaintiff alleged a violation of 12 NYCRR § 23-1.7 (e) (2) and it, in effect, conceded that the plaintiff alleged a violation of that Industrial Code provision. Accordingly, the plaintiff predicated his claim on a violation of a sufficiently specific and concrete Industrial Code provision (*see McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872 [2010]; *Boss v Integral Constr. Corp.*, 249 AD2d 214 [1998]; *Baker v International Paper Co.*, 226 AD2d 1007 [1996]). Moreover, BUG failed to establish, prima facie, that the provision identified was not applicable to the facts of the case (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Boss v Integral Constr. Corp.*, 249 AD2d 214 [1998]). The plaintiff, however, has abandoned, as against BUG, his reliance on provisions of the Industrial Code other than 12 NYCRR 23-1.7 (e) (2), since he failed to address them in his brief (*see Musillo v Marist Coll.*, 306 AD2d 782 [2003]; *Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 667 n 3 [2001]).

Labor Law § 240 (1) was designed to prevent those types of accidents in which the safety devices enumerated in the statute proved inadequate to shield the worker from harm directly flowing from the application of the force of gravity to an object or person (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69

AD3d 543 [2010]). Here, BUG made a prima facie showing that the plaintiff's injuries were not the result of any height- or gravity-related risk within the ambit of Labor Law § 240 (1), and that the plaintiff was not exposed to any risk the safety devices referenced in Labor Law § 240 (1) were designed to prevent or protect against (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Madero v Pizzagalli Constr. Co.*, 62 AD3d 670 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of BUG's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

Moreover, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Garcia v Lopez*, 59 AD3d 593 [2009]; *Michel v Blake*, 52 AD3d 486 [2008]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]). Here, a search of the record demonstrates that, for the same reason that the Labor Law § 240 (1) cause of action is not viable insofar as asserted against BUG, it is not viable insofar as asserted against the City and Felix. Accordingly, the Supreme Court should have awarded summary judgment to the City and Felix dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. We decline, however, the requests of the City and Felix to search the record and award them summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them (*see* CPLR 5515; *Sentino v Valerio*, 72 AD3d 1063 [2010]; *Ferrara v Village of Chester*, 57 AD3d 719, 720 [2008]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 414 [2007]).

The parties' remaining contentions are without merit or not properly before this Court. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.