■ MIQUEL COCOM-TAMBRIZ, Plaintiff, v SURITA DEMOLITION CONTRACTING, INC., Defendant, and B & P REAL ESTATE, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. BAY CONTRACTING, LLC, Third-Party Defendant-Appellant. [924 NYS2d 145]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated January 14, 2010, as denied that branch of its motion which was for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is awarded to the defendants/third-party plaintiffs on the issue of whether the plaintiff suffered a grave injury.

The plaintiff, an employee of the third-party defendant, was injured when a backhoe fell on his left hand, crushing it. The accident left the plaintiff with a bone protruding from his left middle finger, which required surgical amputation. As part of the surgery, the plaintiff's left index finger was amputated and repositioned to where his middle finger had been previously located. The plaintiff commenced the instant action against, among others, B & P Real Estate, LLC, and Centaur Management, Inc. (hereinafter together the third-party plaintiffs), the alleged owner and lessee, respectively, of the accident site. The third-party plaintiffs commenced a third-party action against the third-party defendant seeking, inter alia, contribution and

common-law indemnification. The third-party defendant moved for summary judgment, among other things, dismissing those causes of action on the ground that the plaintiff did not lose an index finger and, thus, did not sustain a grave injury within the meaning of Workers' Compensation Law § 11. The Supreme Court denied that branch of the third-party defendant's motion.

Workers' Compensation Law § 11 prohibits a third-party action for common-law indemnification or contribution against an employer except in the case where, inter alia, the employee has sustained a grave injury (see Fleming v Graham, 10 NY3d 296, 299-300 [2008]; Rubeis v Aqua Club, Inc., 3 NY3d 408, 415 [2004]; Husted v Central N.Y. Oil & Gas Co., LLC, 68 AD3d 1220, 1223 [2009]; Bovis v Crab Meadow Enters., Ltd., 67 AD3d 846, 847 [2009]). One type of grave injury enumerated in the statute is the "loss of an index finger" (Workers' Compensation Law § 11).

Here, undisputedly, the plaintiff's left index finger was amputated and placed where his left middle finger was previously located. Thus, there is no finger in the index finger position. Consequently, the plaintiff has lost an index finger, thereby sustaining a grave injury, and the Supreme Court properly denied summary judgment to the third-party defendant dismissing the third-party plaintiffs' causes of action seeking contribution and common-law indemnification (see Castillo v 711 Group, Inc., 10 NY3d 735 [2008]).

Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212 [b]; Harsch v City of New York, 78 AD3d 781, 784 [2010]; Nassau Plaza Assoc., L.P. v Greater N.Y. Mut. Ins. Co., 74 AD3d 1159, 1160 [2010]). Accordingly, upon searching the record, we award summary judgment to the defendants/third-party plaintiffs on the issue of whether the plaintiff sustained a grave injury. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.