■ JUDY L. NEW, Appellant, v PETER STACHOWIAK, Respondent. [924 NYS2d 167]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated July 22, 2010, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

At the time of her accident, the plaintiff was exiting from an apartment situated above a garage on premises allegedly owned and/or controlled by the defendant, Peter Stachowiak, as administrator of the estate of Shari Stachowiak, and allegedly maintained by the defendant, Peter Stachowiak, in his individual capacity. To exit the apartment, the plaintiff had to go through an exterior door which was at the top of an exterior staircase. The plaintiff allegedly was injured when she pulled the doorknob to shut the exterior door, and the doorknob came off the door, causing her to fall down the staircase.

Contrary to the Supreme Court's determination, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff's accident was not, as a matter of law, within the reasonably foreseeable hazards posed by the defendant's alleged negligence. "[T]he precise manner in which the accident occurred or the precise type of harm produced" need not be foreseeable (Di Ponzio v Riordan, 89 NY2d 578, 583-584 [1997]; see Sanchez v State of New York, 99 NY2d 247, 253 [2002]). Here, Peter Stachowiak himself testified at his deposition that the door at the top of the staircase had to be "slammed" using the doorknob as a "lever," in order to close it, a fact not present in Mei Cai Chen v Everprime 84 Corp. (34 AD3d 321 [2006]), on which the Supreme Court relied. Thus, a triable issue of fact exists as to whether the plaintiff's alleged injuries arose from "an occurrence that is within the class of foreseeable hazards that the [defendant's] duty exists to prevent" (Di Ponzio v Riordan, 89 NY2d at 584; see Sanchez v State of New York, 99 NY2d 247 [2002]; Ruiz v Griffin, 71 AD3d 1112 [2010]; cf. Lafontant v U-Haul Co. of Fla., 48 AD3d 757 [2008]).

Additionally, contrary to the defendant's contention, he failed to eliminate all triable issues of fact as to whether he had constructive notice of the allegedly defective condition that allegedly caused the plaintiff's accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.