■ National Grid Corporate Services, LLC, Appellant, v LeSchack & Grodensky, P.C., et al., Respondents. [954 NYS2d 131]—

In an action, inter alia, for declaratory relief and to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 31, 2011, as denied that branch of its motion which was for summary judgment declaring that a memorandum of understanding dated December 17, 2008, which it entered into with the defendants, constitutes a special, as opposed to a general, retainer and that, as a consequence, the defendants, in connection with their third counterclaim, are only entitled to recovery of their fees in quantum meruit.

Ordered that the order is affirmed insofar as appealed from, with costs, upon searching the record, summary judgment is awarded to the defendants declaring that the parties' memorandum of understanding dated December 17, 2008, constitutes a general, as opposed to a special, retainer and that, as a consequence, the defendants, in connection with their third counterclaim, are not limited to recovery of their fees in quantum meruit, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the memorandum of understanding constitutes a general, as opposed to a special, retainer and that, as a consequence, the defendants, in connection with their third counterclaim, are not limited to recovery of their fees in quantum meruit.

The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on its cause of action for a judgment declaring that the parties' memorandum of understanding dated December 17, 2008 (hereinafter the MOU), constitutes a special, as opposed to a general, retainer and, thus, failed to establish that the defendant attorneys, in connection with their third counterclaim, are only entitled to recovery of their fees in quantum meruit. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on that cause of action, without regard to the sufficiency of the defendants' opposition papers.

Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the

Supreme Court (*see* CPLR 3212 [b]; *Cocom-Tambriz v Surita Demolition Contr., Inc.*, 84 AD3d 1300, 1301 [2011]; *Harsch v City of New York*, 78 AD3d 781, 784 [2010]). Contrary to the plaintiff's contention, the MOU at issue was a general retainer (*see Frank v Toymax Intl., Inc.*, 21 AD3d 399 [2005]), as opposed to a special retainer (*cf. Matter of Cooperman*, 83 NY2d 465 [1994]). Accordingly, upon searching the record, we award summary judgment to the defendants declaring that the MOU constitutes a general, as opposed to a special, retainer and that, as a consequence, the defendants, in connection with their third counterclaim, are not limited to recovery of their fees in quantum meruit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making the appropriate declaration (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.