# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1015**
**CA 15-01197**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

JOAQUINA MOSES, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GEICO INSURANCE COMPANY, DEFENDANT-RESPONDENT.

---

LAW FIRM OF GARY R. EBERSOLE, ESQ., GRAND ISLAND (GARY R. EBERSOLE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF DANIEL R. ARCHILLA, BUFFALO (LAUREN GAUTHIER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 15, 2014. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is denied, the complaint is reinstated and plaintiff's cross motion is granted.

Memorandum: Plaintiff commenced this action alleging that defendant wrongfully failed to honor its obligations under an automobile insurance policy that was in effect when plaintiff's vehicle was allegedly stolen and then later recovered, indisputably "destroyed by fire." After the vehicle was stolen but before it was recovered, defendant disclaimed coverage on the ground that "theft does not qualify as a loss as defined in your policy contract." Once the vehicle was recovered, plaintiff notified defendant, whose representative allegedly informed her that her claim was denied.

We conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint, upon determining that plaintiff would be unjustly enriched by any additional compensation and that such compensation would violate the provisions of the policy requiring payments to be made to plaintiff's financing company. We further conclude that the court erred in denying plaintiff's cross motion for partial summary judgment seeking a determination that the insurance contract was "operative and binding upon the Defendant."

Contrary to defendant's contentions, the issues raised by plaintiff on appeal were presented to the trial court and are

therefore preserved for our review.  With respect to the merits, we agree with plaintiff that the court erred in granting defendant's motion on the ground that plaintiff would be unjustly enriched were defendant to fulfill its contractual obligations.  Defendant failed to establish as a matter of law that the loan for the automobile had been forgiven by the financing company.  The mere fact that the financing company had not pursued any legal remedies against plaintiff does not establish that the loan was forgiven.  Indeed, plaintiff testified at her deposition that the loan still appeared on her credit report and that she was unsure if she would be required to repay that loan.

We further agree with plaintiff that defendant "failed to demonstrate that the [Loss Payable Clause] provision upon which it relies was a part of [the insurance] contract" and thus failed to establish its entitlement to judgment as a matter of law on that ground as well (*Mentesana v Bernard Janowitz Constr. Corp.*, 36 AD3d 769, 771; *see Hallmark Synthetics Corp. v Sumitomo Shoji N.Y.*, 26 AD2d 481, 484-485, *affd* 20 NY2d 871).

Under the clear and unambiguous terms of the insurance policy, defendant promised to pay plaintiff the "actual cash value," less a deductible, for loss caused by, inter alia, theft or fire.  Inasmuch as defendant does not dispute that the vehicle was "destroyed by fire," plaintiff has established that defendant's obligations under the insurance policy were operative and binding on defendant and that defendant is contractually obligated to perform.  Defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We thus grant plaintiff's cross motion for partial summary judgment on liability.  We note with respect to the issue of damages that, although plaintiff has not established as a matter of law that the Loss Payable Clause provision upon which defendant relies is not part of the contract, that provision concerns whom defendant must pay under the policy, i.e., plaintiff or the lienholder, and that issue can be resolved by the court during the damages inquest.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court