◼ VICTOR SCHLESINGER, Appellant, v NATHAN SCHLESINGER et al., Respondents. [801 NYS2d 615]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Spodek, J.), dated October 1, 2003, as denied his motion to confirm an arbitration award dated June 26, 2003, as amended August 19, 2003, and, sua sponte, modified the award to provide that the estate of Jack Schlesinger has a 50% owner-

ship interest in the proceeds of the prior sale of certain real property in Brooklyn, rather than a 50% ownership interest in the title to that real property, and (2) an order of the same court (Firetog, J.), dated May 13, 2004, as denied those branches of his motion which were for leave to renew and reargue his prior motion, and to extend a notice of pendency.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as a matter of right from so much of the order dated October 1, 2003, as, sua sponte, modified the arbitration award is treated as an application for leave to appeal, and leave to appeal is granted from that portion of the order (see CPLR 5701 [c]); and it is further,

Ordered that the order dated October 1, 2003, is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to confirm the award is granted, the award dated June 26, 2003, as amended August 19, 2003, is confirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment thereon; and it is further,

Ordered that the appeal from so much of the order dated May 13, 2004, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the appeal from so much of the order dated May 13, 2004, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated October 1, 2003; and it is further,

Ordered that the order dated May 13, 2004, is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff and the defendants entered into a so-ordered stipulation (hereinafter the stipulation) in this action to arbitrate their differences over the plaintiff's claims to two parcels of real property. The stipulation, dated April 2, 2003, specified:

"The plaintiff, defendant and Other Signatories [defined as other signers of the Stipulation except for counsel] are in dispute with respect to whether the estate of Jack Schlesinger has an interest in the proceeds from the sale of ownership of 50 Wallabout Street, Brooklyn, N.Y. and 712 Wythe Avenue, Brooklyn, N.Y. which the parties wish to have resolved and ruled upon by the arbitrator. The arbitrator shall determine the interest of the parties in and to the properties aforementioned."

The stipulation provided for the disposition of "the proceeds of the 50 Wallabout sale." There was no further mention of the

proceeds from the sale of 712 Wythe Avenue, although that property had already been sold or transferred on April 29, 2002, to Kolel Damasek Eliezer (hereinafter KDE). KDE did not seek to intervene in this action and was not among the "Other Signatories" to the stipulation.

The issues were presented to Rabbi Moses M. Blum as arbitrator, who awarded the plaintiff a 50% undivided ownership interest in the title to 712 Wythe Avenue because he found no written consent by all owners to the change of ownership of this property. The plaintiff moved to confirm the award and also moved for other coercive relief, the denial of which is excluded from the plaintiff's limited appeal. The Supreme Court, after affording KDE the status of an amicus curiae, denied confirmation and, on the court's own motion, modified the award to provide that, instead of a 50% ownership interest in the title to 712 Wythe Avenue, the plaintiff was awarded a 50% ownership interest in the proceeds of its prior sale.

This modification was erroneous for three reasons. First, the stipulation was ambiguous. It specified the dispute as one over the proceeds of sale, yet authorized the arbitrator to determine the interest of the parties "in and to the properties," 50 Wallabout Street and 712 Wythe Avenue. What is clear, however, is that the arbitration provision of the stipulation was broad enough to authorize Rabbi Blum's award, a 50% ownership interest in the title to 712 Wythe Avenue. By determining that the plaintiff was entitled to a 50% ownership interest in the sale proceeds, based only on the recital in the first sentence of the arbitration provision, the Supreme Court intruded on the underlying merits of the award (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321, 326 [1999]; *Matter of Board of Educ. of Watertown City School Dist. v Watertown Educ. Assn.,* 74 NY2d 912, 914 [1989]; *Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor,* 67 NY2d 997, 998-999 [1986]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.,* 308 AD2d 452, 453-454 [2003]).

Second, the Supreme Court denied confirmation and modified the award on its own motion. The modification of the award on the Supreme Court's own motion was not authorized by CPLR 7511 (a) which only authorizes "a party within ninety days" after delivery of the award to move to vacate or modify it (*see Chupka v Lorenz-Schneider Co.,* 12 NY2d 1, 6 [1962]; *Boggin v Wilson,* 14 AD3d 523, 524-525 [2005]; *State of New York v Philip Morris, Inc.,* 308 AD2d 57, 69 [2003]). The case on which KDE relies, *Matter of Town of Greenburgh (Police Assn. of Town of*

*Greenburgh*) (94 AD2d 771 [1983]), is not to the contrary. That case decided an appeal from a judgment granting the application of a party to the arbitration to vacate the award. The reference to the court's sua sponte power (*id.* at 772), related only to the issues of public policy or violation of statutory proscriptions that a court may consider in deciding a party's motion to vacate an award.

Third, the Supreme Court was prompted to modify the award out of concern for KDE's due process rights. That concern was misplaced in this context. KDE was not a party to the arbitration or the action out of which it arose. Furthermore, it made no effort to intervene in this action, belying any concern it had for its own due process rights or that confirmation of the award could lawfully affect those rights. Neither the award nor its confirmation will adversely affect KDE's rights since KDE has not been made a party, unless it is in privity with a party to the arbitration. This is an issue that, as acknowledged by the parties at oral argument, must await subsequent litigation, and we express no opinion on it. The rights of KDE might have been affected by the plaintiff's request for a sheriff's deed, but the denial of that branch of the plaintiff's motion to confirm is not before us.

Accordingly, the Supreme Court should have granted the plaintiff's motion to confirm the award and should not have, sua sponte, modified it (*see* CPLR 7510). Crane, J.P., Spolzino, Skelos and Lifson, JJ., concur.