■ STEVEN LAPIDUS et al., Appellants, v 1050 TENANTS CORP., Respondent. [30 NYS3d 175]—

In an action, inter alia, to recover damages for conversion, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 16, 2013, as (a) denied that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $491,541.99 allegedly withheld by the defendant as offsets for certain attorneys' fees and interest, (b) denied that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $71,988.65 allegedly withheld by the defend-

ant as offsets for unpaid maintenance charges plus interest, (c) denied that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $84,000, allegedly withheld by the defendant as offsets for a certain unpaid "flip" tax, (d) in effect, denied those branches of their motion which were, in effect, for summary judgment dismissing the defendant's counterclaims, and (e) upon granting that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $250,000 allegedly withheld by the defendant as a claimed litigation reserve, stayed entry of judgment on that cause of action pending resolution of the remaining causes of action and counterclaims.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which, upon granting that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for the conversion of $250,000 allegedly withheld by the defendant as a claimed litigation reserve, stayed entry of judgment on that cause of action pending resolution of the remaining causes of action and counterclaims, (2) by adding a provision thereto awarding the plaintiffs interest, running from June 10, 2008, on the cause of action to recover damages for the conversion of $250,000 allegedly withheld by the defendant as a claimed litigation reserve, and (3) by deleting the provision thereof, in effect, denying that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the second counterclaim as was for a declaration that the sum of $250,000 was properly withheld by the defendant as a litigation reserve and substituting therefor a provision granting that branch of their motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and, upon searching the record, the defendant is awarded summary judgment (a) dismissing the cause of action to recover damages for the conversion of $71,998.65 allegedly withheld by the defendant as offsets for unpaid maintenance charges plus interest, (b) dismissing the cause of action to recover damages for the conversion of $491,541.99 allegedly withheld by the defendant as offsets for certain attorneys' fees, (c) dismissing the cause of action to recover damages for the conversion of $84,000 allegedly withheld by the defendant as offsets for a certain unpaid "flip" tax, and (d) on the remaining portions of the second counterclaim and dismissing the remaining portions of the complaint, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

The defendant is a corporation that owns an apartment

building at 1050 Park Avenue in Manhattan. The plaintiffs were the tenants and owners of shares allocated to apartment 4B of the building under a proprietary lease assumed by the plaintiffs in 1983. As a result of litigation dating back to 1992, the defendant's shareholders voted to terminate the plaintiffs' proprietary lease on May 24, 2005. Following litigation to eject the plaintiffs from the apartment (*see 1050 Tenants Corp. v Lapidus*, 39 AD3d 379 [2007]), the sheriff officially ejected the plaintiffs on October 12, 2007.

On February 19, 2008, the defendant entered into a contract to sell the apartment for the sum of $4.2 million. By letter dated June 10, 2008, the defendant sent an accounting of the sale to the plaintiffs' attorney with a check for $2,401,471.29, representing the plaintiffs' "net amount payable to them, after deducting amounts due from them to the cooperative and other parties as shown on the accounting."

The plaintiffs thereafter commenced this action, alleging that the defendants converted a total of $901,270.61 from the plaintiffs by improperly withholding certain funds from the proceeds of the sale. The plaintiffs moved for summary judgment and to dismiss the defendant's counterclaims.

In an order dated May 16, 2013, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for the conversion of $250,000 allegedly withheld by the defendant as a claimed litigation reserve. However, the court stayed entry of judgment on the cause of action pending resolution of the remaining causes of action and counterclaims. The court denied the remaining branches of the plaintiffs' motion.

The plaintiffs contend that the Supreme Court erred when, upon granting that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $250,000 allegedly withheld by the defendant as a claimed litigation reserve, it stayed entry of judgment pending resolution of the remaining causes of action and counterclaims. The Supreme Court has "wide discretion in imposing conditions upon the grant of partial summary judgment so as to avoid possible prejudice to the party against whom that judgment is granted" (*Robert Stigwood Org. v Devon Co.*, 44 NY2d 922, 923 [1978]). "Such discretion, however, is not unlimited, and is to be exercised only if there exists some articulable reason for concluding that the failure to impose conditions might result in some prejudice, financial or otherwise, to the party against whom the partial summary judgment is granted should that party subsequently prevail on the

unsettled claims" (*id.* at 923). Here, the record fails to support the conclusion that the defendant would be prejudiced in the absence of a stay of entry of a judgment. Accordingly, the Supreme Court improvidently exercised its discretion in staying entry of a judgment pending resolution of the remaining causes of action and counterclaims (*see Robert Stigwood Org. v Devon Co.*, 44 NY2d 922, 923 [1978]). In addition, upon granting that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for the conversion of $250,000, the court should have awarded interest on that sum running from June 10, 2008, and should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the second counterclaim as was for a declaration that the sum of $250,000 was properly withheld by the defendant as a litigation reserve.

The plaintiffs also contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $491,541.99 allegedly withheld by the defendant as offsets for certain attorneys' fees. However, the evidence submitted by the plaintiffs established that they were contractually liable for any attorneys' fees involved in the sale of the apartment. The plaintiffs failed to demonstrate, prima facie, that the defendant improperly withheld the relevant funds for this purpose. Accordingly, the Supreme Court correctly denied that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for the conversion of $491,541.99. Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Cocom-Tambriz v Surita Demolition Contr., Inc.*, 84 AD3d 1300, 1301 [2011]; *Harsch v City of New York*, 78 AD3d 781, 784 [2010]). Upon searching the record here, we award summary judgment to the defendants dismissing the cause of action to recover damages for the conversion of $491,541.99 (*see generally National Grid Corporate Servs., LLC v LeSchack & Grodensky, P.C.*, 100 AD3d 721, 721-722 [2012]; *Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d 851, 857 [2011]; *Volunteer & Exempt Firemen's Assn. of Garden City v Local 1588 of the Professional Firefighters Assn. of Nassau County*, 82 AD3d 876, 878 [2011]; *Lipsker v 650 Crown Equities, LLC*, 81 AD3d 789, 790 [2011]).

The plaintiffs further argue that the Supreme Court erred in denying that branch of their motion which was for summary

judgment on the cause of action to recover damages for the conversion of $81,077.07, allegedly withheld by the defendant as offsets for unpaid maintenance charges plus interest. However, the plaintiffs' submissions failed to demonstrate, prima facie, their entitlement to summary judgment on this cause of action. Contrary to the plaintiffs' contention, an order of the Supreme Court, New York County, dated April 14, 2006, which was issued in a related action, did not preclude the defendant from recouping these amounts for unpaid maintenance charges plus interest (*see generally 1050 Tenants Corp. v Lapidus*, 118 AD3d 560, 560-561 [2014]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the cause of action to recover damages for the conversion of $81,077.07. Furthermore, under the circumstances of this case, we search the record and award summary judgment to the defendant dismissing the cause of action to recover damages for the conversion of $81,077.07 (*see generally Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d at 857).

The plaintiffs next contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment on the cause of action to recover damages for the conversion of $84,000, allegedly withheld by the defendant as offsets for a certain unpaid "flip" tax. However, the plaintiffs failed to establish, prima facie, their entitlement to summary judgment with respect to this cause of action. Accordingly, that branch of the plaintiffs' motion was properly denied. Furthermore, under the circumstances of this case, we search the record and award summary judgment to the defendant dismissing that cause of action (*see generally Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d at 857).

The plaintiffs contend that the Supreme Court erred when it, in effect, denied those branches of their motion which were for summary judgment dismissing the defendant's counterclaims. As previously indicated, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the second counterclaim as was for a declaration that the sum of $250,000 was properly withheld by the defendant as a litigation reserve. However, contrary to the plaintiffs' contention, they failed to establish their prima facie entitlement to summary judgment dismissing the remaining portions of the second counterclaim. Moreover, under the circumstances of this case, we search the record and award summary judgment to the defendant on the remaining portions of its second counterclaim and dismissing

the remaining portions of the complaint (*see generally Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d at 857). Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.