## Where the Heart Is LLC v Newrez LLC

2024 NY Slip Op 30362(U)

February 2, 2024

Supreme Court, New York County

Docket Number: Index No. 151910/2021

Judge: Shlomo S. Hagler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SHLOMO S. HAGLER** | PART **17** |
| _Justice_ | |

-------------------------------------------------------------------X

WHERE THE HEART IS LLC,

Plaintiff,

- v -

NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING, NEW RESIDENTIAL MORTGAGE LLC

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151910/2021 |
| MOTION DATE | 08/23/2021 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to/for                    DISMISSAL                    .

Plaintiff Where The Heart Is LLC ("WHI") brings this action against defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing and New Residential Mortgage LLC, seeking to cancel and discharge a mortgage encumbering a condominium unit located at 82 Beaver Street, Unit 1003, New York, New York 10005 (the "Premises"). The four-count amended complaint asserts causes of action for: discharge of mortgage pursuant to Real Property Actions and Proceedings Law § 1501 (4); declaratory judgment pursuant to CPLR 3001 and RPAPL 1501 (1), declaring that plaintiff has exclusive title to the Premises, in fee simple, free and clear of encumbrances; cancellation of the mortgage pursuant to Real Property Law ("RPL") § 329; and satisfaction pursuant to RPAPL 1921.

Defendants move to dismiss the complaint pursuant to CPLR 3211 (a) (1), (4), (5) and (7).

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT          Page 1 of 16
Motion No. 002

1 of 16

[* 1]

I. Background

By deed dated April 9, 2007, non-parties Scott Ross and Valerie Ross (the "Rosses") purchased the Premises (NYSCEF Doc No. 27, amended complaint, ¶ 9, exhibit A). In connection with the purchase, the Rosses executed and delivered a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc. ("Countrywide"), in the amount of $369,000.00 (the "Mortgage"). The Mortgage was recorded. (*Id.*, ¶ 12, exhibit D).

On January 17, 2008, Countrywide commenced a foreclosure proceeding in New York County Supreme Court in an action entitled *Countrywide Home Loans, Inc. v Scott Ross, et al.*, under index Number 100802/2008 (the "2008 Action") (*id*, ¶ 15). In the 2008 Action, Countrywide elected to accelerate the Mortgage (*id.*, ¶¶ 16, 17).

Countrywide's successor-in-interest, Bank of America, N.A. ("Bank of America"), procured an order of reference in the 2008 Action, but allegedly failed to further prosecute the action (*id.*, ¶ 18). A defendant in the 2008 Action moved to compel Bank of America to resume prosecution of the 2008 Action (*id.*, ¶ 19). Allegedly after counsel for Bank of America was unable to contact the bank (*id.* ¶¶ 22-24), Justice Saliann Scarpulla ordered, by short form order dated May 9, 2012, the "motion withdrawn, and the action . . . discontinued, without prejudice" (*id.*, ¶ 26, exhibit E). According to WHI, "the Court made clear, at oral argument, that it was *dismissing* the action — not in accordance with [Bank of America's] wishes, requests and/or demands — but as a *penalty* for its failure to continue prosecution of the action" (*id.*, ¶ 27).

On July 9, 2013, Bank of America assigned the Mortgage to Green Tree Servicing LLC (NYSCEF Doc No. 41, Miller affirmation, ¶ 4, exhibit D).

151910/2021  WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 2 of 16

[* 2]

In the meantime, The Board of Managers of the Cocoa Exchange Condominium had commenced a foreclosure action against the Rosses for unpaid common charges, which resulted in a judgment of foreclosure and sale, transferring the Premises by referee's deed to Rector 7O LLC ("Rector"). The referee's deed, dated May 2, 2016, was recorded on May 11, 2016. (Amended complaint, ¶ 10, exhibit B).

On November 30, 2018, Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech") commenced a foreclosure action in New York County Supreme Court, entitled *Ditech Financial LLC f/k/a Green Tree Servicing LLC v Rector 70 LLC, et al.*, under index number 850330/2018 (the "2018 Action") (*id.*, ¶ 73).

By decision and order dated June 3, 2019 ("2019 Decision"), Justice Arlene Bluth granted Rector's motion to dismiss the action as time-barred (*id.*, ¶ 74). The court held that the Mortgage had been accelerated and that the discontinuance of the 2008 Action was of "no moment," as "there [was] no evidence on th[e] record that plaintiff ever made an affirmative act to de-accelerate the loan" (*id.*, exhibit F at 2). By judgment dated and entered on October 31, 2019 (the "Judgment"), the 2018 Action was dismissed and the notice of pendency against the Premises was cancelled (*id.*, ¶ 75, exhibit G).

Ditech appealed the Judgment. During the pendency of the appeal, Ditech moved to stay the cancellation of the notice of pendency. While an interim stay was granted, the motion was, ultimately, denied and the interim relief vacated by order dated January 9, 2020. (NYSCEF Doc No. 59, Villanti affirmation, ¶¶ 43, 44, exhibits N, O).

By assignment dated February 27, 2020 and recorded on February 28, 2020, Ditech assigned the Mortgage to defendant New Residential Mortgage LLC (amended complaint, ¶ 105; Miller affirmation, ¶ 11 exhibit L). Allegedly MERS also executed an assignment of the

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT          Page 3 of 16
Motion No. 002

3 of 16

[* 3]

Mortgage, dated April 28, 2020 and recorded on May 12, 2020, in favor of defendant Shellpoint Mortgage Servicing (amended complaint, ¶ 105). According to WHI, "[b]oth [a]ssignments purport to assign only the Mortgage, and not the underlying note" (*id.*, ¶ 106).

On February 24, 2021, WHI purchased the Premises from Rector (*id.*, ¶¶ 11, 76, exhibit C) and commenced the instant action on the same day (*id.*, ¶ 77). The original complaint sought the cancellation and discharge of the Mortgage encumbering the Premises, pursuant to RPAPL 1501 (4), based on the 2019 Decision and the Judgment, dismissing the 2018 Action as time-barred.

On April 1, 2021, the Appellate Division, First Department issued a decision and order (the "Appellate Decision"), reversing the Judgment and reinstating the complaint in the 2018 Action. Relying on *Freedom Mtge. Corp. v Engel* (37 NY3d 1, 21 [2021]), the First Department held that,

> "while the . . . filing in January 2008 of a foreclosure action did accelerate the mortgage, the May 2012 voluntary discontinuance of the 2008 foreclosure action constituted an 'affirmative act,' within six years, of revocation of the prior election to accelerate. . . . Thus, Ditech's foreclosure action [was] not time-barred by the prior 2008 foreclosure action, and Rector's motion to dismiss should have been denied." (*Ditech Fin., LLC v Rector 70 LLC*, 193 AD3d 408, 409 [1st Dept 2021], quoting *Engel*, 37 NY3d at 32 [internal quotation and citation omitted]).

Based on the Appellate Decision, defendants moved to dismiss the instant action (motion sequence number 001). In response, WHI filed an amended complaint on May 28, 2021, adding causes of action and various allegations, including that: (1) the discontinuance of the 2008 Action was not, in fact, a voluntary act by mortgagee and, therefore, could not revoke acceleration of the Mortgage (*see* amended complaint, ¶¶ 16-40); (2) assuming that the 2008 Action was voluntarily discontinued, this was not valid, because the text of the Mortgage does

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Page 4 of 16
Motion No. 002

[* 4]

4 of 16

not authorize the mortgagee to unilaterally deaccelerate the debt and the Rosses had detrimentally relied on the acceleration of the Mortgage (*id.*, ¶¶ 53-61); (3) WHI is entitled to rely on the Judgment, because there was no notice of pendency at the time it purchased the Premises and, as such, it is not bound by the Appellate Decision (*see id.*, ¶¶ 81-85); and (4) the assignments of the Mortgage to defendants were invalid (*see id.*, ¶¶ 105-112).

Defendants then withdrew their original motion to dismiss and brought the instant motion to dismiss the amended complaint (*see* NYSCEF Doc Nos. 37, 40).

Meanwhile, in the restored 2018 Action, Rector filed an amended answer with counterclaims, dated June 6, 2021. In pertinent part, the amended answer alleges that Ditech's counsel "intentionally made misrepresentations to the court, namely alleging that the 2008 Action was 'voluntarily discontinued' (so as to avoid a statute of limitations defense) when in fact the 2008 Action was dismissed for failure of Countrywide to prosecute" (Miller affirmation, exhibit K, ¶ 116) and asserts counterclaims for, among other things, cancellation and discharge of the mortgage pursuant to RPAPL 1501 (4) (*id.*, ¶¶ 103-112), discharge of the Mortgage pursuant to RPAPL 1921 (*id.*, ¶¶ 113-114) and a declaratory judgment, pursuant to RPAPL 1501 (1) and CPLR 3001, declaring that Rector acquired good title to the Property that was free and clear from encumbrances (*id.*, ¶¶ 128-132).

II.     Analysis

As a preliminary matter, the parties dispute whether the absence of a notice of pendency at the time that WHI acquired the Premises means that WHI can rely on the Judgment to demonstrate that foreclosure is time-barred as against it. WHI claims that it is shielded from further developments in the 2018 Action and that it took title free and clear of the Mortgage, even though it had not been formally discharged. Defendants respond that regardless of the

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 5 of 16

[* 5]

5 of 16

status of the 2018 Action, the Mortgage was still a valid lien on the property and that WHI took title.

Pursuant to CPLR 6501, "[a] notice of pendency may be filed in any action . . . in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." Once filed, any "person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party" (CPLR 6501). Because the notice of pendency "permits a party to effectively retard the alienability of real property without any prior judicial review" or a "showing of the likelihood of success on the merits," strict compliance with Article 65 is required (*Matter of Sakow*, 97 NY2d 436, 441 [2002]). As such, "when a complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim" (*Da Silva v Musso*, 76 NY2d 436, 440 [1990]) and "[a] purchaser's actual knowledge of a pending appeal is not legally significant" (*id.* at 438). However, "[a] recorded mortgage itself gives notice of an encumbrance on the property, [and the] concerns regarding the notice of pendency restricting the alienability of the property are eliminated" (*Campbell v Smith*, 309 AD2d 581, 582 [1st Dept 2003]; *Pacific Lime v Lowenberg Corp.*, 77 AD2d 737, 738-739 [3d Dept 1980] [stating that, where the notice of pendency had expired, "the mortgage, . . . as a recorded instrument, remain(ed) effective as notice of the rights of the [mortgagee] to all subsequently acquired interests in the real property"]).

Here, it is undisputed that the Mortgage was recorded (*see* amended complaint, ¶ 12, exhibit D) and, as such, it gave WHI notice of an encumbrance on the Premises. Moreover, the Judgment did not cancel and discharge the Mortgage, it merely dismissed the foreclosure action

151910/2021 WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 6 of 16

[* 6]

6 of 16

and cancelled the notice of pendency (*see id.*, exhibit G). As such, contrary to WHI's contention, it took title to the Premises subject to the Mortgage (*see Continental 21R LLC v Deutsche Bank N. A.*, 2021 WL 4104901, * 3-4 [Sup Ct, NY County, Sept. 7, 2021, No. 158429/2017] [explaining that the plaintiff, which acquired title from the successful bidder at a common charges foreclosure sale, took the property subject to a recorded mortgage, even though the plaintiff was never joined as a party to the banks' foreclosure action and took title after the notice of pendency had expired]; *contra Beltway Capital, LLC v Soleil*, 175 AD3d 451, 453 [2d Dept 2019] [holding that a purchaser for value had a right to rely on a court order that cancelled and discharged the mortgage and that "had been duly recorded"]).

To the extent that WHI relies on *Lovell v Jimal Holding Corp.* (127 AD2d 747 [2d Dept 1987]), for the proposition that "[a]n undischarged mortgage of record does not constitute a defect in title where all action with respect thereto is barred by the six-year Statute of Limitations" (*id.* at 749), the case is inapposite. First, *Lovell* was concerned with contract interpretation, specifically, whether a contractual provision entitling the plaintiffs to "marketable title" was violated by a recorded mortgage on the property (*id.*). Based on "sufficient evidence that any claim on the mortgage [was] time barred," the court concluded that "the mortgage [did] not render title unmarketable" (*id.*). Here, as will be discussed further, whether any claim on the Mortgage is time-barred has yet to be determined. Moreover, even under *Lovell*, such a finding would not mean that WHI took title to the Premises free and clear of the Mortgage. The property in *Lovell* was still conveyed "'subject to' the mortgage" (*id.*).

WHI's reliance on *Yuzary v WCP Wireless Lease Subsidiary LLC*, 94 AD3d 679 [1st Dept 2012] is similarly misplaced. There, a mortgagee's failure to record an extension of its mortgage meant that it was not effective against "a bona fide encumbrancer with no notice of the

151910/2021  WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT          Page 7 of 16
Motion No. 002

7 of 16

[* 7]

purported extension" (*id.* at 680). Here, there is no dispute that the Mortgage was validly recorded.

WHI's remaining cases are cited for the proposition that, in the absence of a notice of pendency, it cannot be charged with notice of the 2018 Action or affected by the Appellate Decision's determination that the foreclosure of the Mortgage was timely (*see* NYSCEF Doc No. 78, WHI' brief in opposition at 3 nn 2, 3, 4). All are distinguishable, as none involve a recorded mortgage.

Accordingly, WHI may not rely on the cancellation of the notice of pendency in the 2018 Action to establish that an action to foreclose on the Mortgage is time-barred as against it.

A. Collateral Estoppel

Defendants contend that the instant action is barred by collateral estoppel, because the First Department determined that Ditech's foreclosure action was timely and the parties in the instant action, as successors-in-interest to the parties in the 2018 Action, are in privity with those parties.

WHI responds that it is not bound by the Appellate Decision because it was not a party to the 2018 Action. In addition, WHI argues that it is not in privity with Rector for purposes of collateral estoppel, because it acquired the Premises after the Judgment cancelled the notice of pendency and before the Appellate Decision was issued. WHI also argues that the Appellate Decision is not a final judgment or order, as necessary for collateral estoppel to apply, and that, because it reversed a pre-answer motion to dismiss, it does not preclude further litigation as to whether the 2008 Action was *voluntarily* discontinued.

Collateral estoppel, or issue preclusion, applies when:

> "(1) the issues in both proceedings are identical, (2) the issue in the
> prior proceeding was actually litigated and decided, (3) there was a

151910/2021  WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 8 of 16

[* 8]

8 of 16

full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (*Conason v Megan Holding, LLC*, 25 NY3d 1, 17 [2015] [internal quotation marks and citations omitted]).

The doctrine is applicable to the parties of record in the prior action or proceeding and those in privity with them (*see Buechel v Bain*, 97 NY2d 295, 304 [2001]). Privity "denote[s] a mutually successive relationship of the same rights to the same property" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 486 [1979]; *see Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d 851, 854-855 [2d Dept 2011]). To utilize collateral estoppel against a person who was not a party to the previous action, "privity must have arisen after the event out of which the estoppel arises" because, "[i]n that situation, . . . [the person in privity] is charged with notice that his rights to the [property] are subject to [a] competing claim" (*Gramatan Home Invs. Corp.*, 46 NY2d at 486-487; *see Kolel Damsek Eliezer, Inc.*, 90 AD3d at 854-855).

Here, WHI took title to the Premises subject to a recorded mortgage. Therefore, WHI had actual notice of another's interest in the Premises and is in privity with Rector for purposes of collateral estoppel (*see contra Kolel Damsek Eliezer, Inc.*, 90 AD3d at 856-857 [finding that privity was not established, because defective notice of pendency could not give the purchaser constructive notice that the ownership of the subject property was in dispute before it acquired the property and there was no evidence in the record that purchaser had actual knowledge of a competing claim to the property]).

Nonetheless, collateral estoppel does not bar the instant action. Whether the 2018 Action is time-barred, due to the discontinuance of the 2008 Action, has not been fully litigated in the 2018 Action.

151910/2021 WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT Page 9 of 16
Motion No. 002

[* 9]                                    9 of 16

After the issuance of the Appellate Decision, the issue of whether the 2008 Action was "voluntarily" discontinued or whether the Appellate Decision is law of the case on the issue was the subject of a motion and a cross-motion for summary judgment in the 2018 Action (*see* 2018 Action, NYSCEF Doc Nos. 115-174).

During the pendency of those motions, as well as the instant motion, there was a change in the law. The state legislature enacted the Foreclosure Abuse Prevention Act ("FAPA"), which "had the effect of nullifying [the] holding in *Engel*" upon which the First Department relied in reversing the 2019 Decision and Judgment and reinstating the 2018 Action (*GMAT Legal Title Trust 2014-1 v Kator*, 213 AD3d 915, 917 [2d Dept 2023]). In pertinent part, FAPA amended CPLR 3217 by adding paragraph (e), which provides that, "[i]n any action on an instrument described under [CPLR 213 (4)],[1] the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217 [e]; L 2022, ch 821, § 8). FAPA also provides that it "shall take effect immediately and shall apply to all actions commenced on an instrument described under [CPLR 213 (4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). As a result of this change in the law, the court in the 2018 Action denied the motions for summary judgment without prejudice to a new motion addressing the change in the law (*see* 2018 Action, NYSCEF Doc No. 175). A summary judgment motion addressing the applicability of FAPA and, as such, the timelines of the 2018 Action is currently before the court in the 2018 Action (*see* 2018 Action, NYSCEF Doc Nos.

---

[1] CPLR 213 (4) addresses "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein."

**151910/2021 WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT** Page 10 of 16
**Motion No. 002**

178-222). As the issue of the timeliness of the 2018 Action continues to be a subject of litigation, collateral estoppel does not bar the instant action (*see Singleton Mgt. v Compere*, 243 AD2d 213, 217 [1st Dept 1998] ["(c)ollateral estoppel effect will only be given to matters 'actually litigated and determined' in a prior action"]).

Therefore, to the extent that defendants seek dismissal pursuant to CPLR 3211 (a) (5), the motion is denied.

B. Another Action Pending

Defendants argue that, because the 2018 Action has been restored, the instant action should be dismissed to avoid the potential for conflicting rulings. They contend that Rector's counterclaims in the 2018 Action are identical to WHI's claims in the instant action and that there is substantial identity of the parties, because the instant action involves the successors-in-interest to the parties in the 2018 Action.

WHI responds that it was never joined as a party in the 2018 Action, that it is not in privity with Rector and that it cannot be joined as a party in the 2018 Action, because it acquired the Premises after the notice of pendency was cancelled. In addition, it argues that it brought the instant action before Rector asserted similar counterclaims in the 2018 Action and that it is more appropriate that these claims be litigated by the actual parties-in-interest rather than their predecessors.

CPLR 3211 (a) (4) permits dismissal where "there is another action pending between the same parties for the same cause of action" (CPLR 3211 [a] [4]). Dismissal is appropriate where there is "substantial identity" of the parties and the relief sought is "the same or substantially the same" (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1st Dept 1997] [internal quotation marks and citations omitted]). Substantial identity of parties is "generally . . . present

151910/2021 WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 11 of 16

11 of 16

[* 11]

when at least one plaintiff and one defendant is common in each action" (*Jaber v Elayyan*, 168 AD3d 693, 694 [2d Dept 2019] [internal quotation marks and citations omitted]; *see Sprecher v Thibodeau*, 148 AD3d 654, 656 [1st Dept 2017] [finding that "there d(id) not exist the requisite 'substantial' identity of parties," where the same party was named as a defendant in both actions, but "there (wa)s no overlap in plaintiffs"]). The court is vested with broad discretion in deciding whether to dismiss pursuant to CPLR 3211 (a) (4) (*Whitney v Whitney*, 57 NY2d 731, 732 [1982]).

Here, CPLR 3211 (a) (4) does not require dismissal. While the counterclaims raised in the 2018 Action largely mirror WHI's claims in the instant action, substantial identity of the parties is lacking, as those claims are not being raised by the same parties (*see contra Barretti v Detore*, 95 AD3d 803, 807 [2d Dept 2012] [affirming dismissal of counterclaims asserted by the defendant in a foreclosure action, where the defendant sought substantially the same relief in another pending action]; *Benenson v SKEK Assoc.*, 293 AD2d 694, 695 [2d Dept 2002] [affirming dismissal of action where the plaintiffs sought "substantially the same" relief as "in a counterclaim in another action pending between the parties"]). Because WHI is not among the named parties in the 2018 Action, there is no substantial identity of the parties (*see U.S. Bank, N.A. v Deshuk-Flores*, 163 AD3d 603, 604-605 [2d Dept 2018] [affirming denial of motion to dismiss the foreclosure action on the ground that a foreclosure action commenced by the plaintiff's predecessor was still pending, where "the defendant, a record owner of the premises and a mortgagor, (was) no longer a party" to that action]).

Defendants rely on *Aurora Loan Servs., LLC v Reid* (132 AD3d 788, 789 [2d Dept 2015]) to demonstrate that substantial identity can be found where the two actions involve successors-in-interest. However, in that case, "there was a pending foreclosure action on the same mortgage

151910/2021  WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Page 12 of 16
Motion No. 002

12 of 16

INDEX NO. 151910/2021

RECEIVED NYSCEF: 02/02/2024

commenced by the plaintiff's predecessor-in-interest" against the same defendant (*Aurora Loan Servs., LLC*, 132 AD3d at 789). Those are not the facts of the instant action. Nor are defendants' other cases on point, as there is no indication that Rector and WHI are "close corporate affiliates" (*Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]) or that one is the legal representative of the other (*JPMorgan Chase Bank, N.A. v Luxama*, 172 AD3d 1341 [2d Dept 2019] [affirming dismissal of a foreclosure actions as against the defendant, where the defendant was sued as administratrix and heir at law of the decedent and the plaintiff had a pending action for the same relief against the decedent]). Defendants do not cite to any cases, and the court could locate none, where a subsequent buyer for value, without any connection to the previous owner, is treated as substantially identical to its predecessor-in-interest.

Accordingly, to the extent that defendants seek dismissal pursuant to CPLR 3211 (a) (4), the motion is denied.

C. Dismissal for Failure to State a Claim and On Documentary Evidence

Defendants argue that WHI cannot state a claim pursuant to RPAPL 1501 (4), because the 2018 Action to foreclose on the Mortgage has been restored and is still pending. In addition, they argue that, in any event, WHI cannot demonstrate the statute of limitations to foreclose on the Mortgage has expired, because the First Department has already determined that the 2008 Action was voluntarily discontinued and that this revoked the acceleration of the Mortgage.

WHI responds that the pendency of the 2018 Action has no impact on its ability to state an RPAPL 1501 (4) claim, because it purchased the Premises when there was no notice of pendency and before the Appellate Decision. In addition, it argues that various factual issues—

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 13 of 16

[* 13]

including, whether the 2008 Action was voluntarily discontinued and whether a mortgagee was contractually permitted to unilaterally deaccelerate the Mortgage—were never argued in the 2018 Action. It contends that, because the court must accept as true its allegations regarding these issues, the complaint sufficiently states a claim to cancel and discharge the mortgage.

"[O]n a motion to dismiss a complaint for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true" (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). "[T]he pleadings are necessarily afforded a liberal construction" and plaintiffs are accorded "the benefit of every possible favorable inference" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002] [internal quotation marks and citations omitted]).

A motion to dismiss pursuant to CPLR 3211 (a) (1), "on the ground that the action is barred by documentary evidence, . . . may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen*, 98 NY2d at 326).

RPAPL 1501(4) provides,

> "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom."

As discussed above, WHI may not claim that any foreclosure on the Mortgage is time-barred as against it merely because it acquired the Premises while the notice of pendency was cancelled. However, neither does the restoration of the 2018 Action require dismissal of its RPAPL 1501 (4) claim. Defendants' cases, which hold that dismissal of a quiet title action

151910/2021 WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 14 of 16

14 of 16

[* 14]

following the restoration of a foreclosure action is appropriate (*see* NYSCEF Doc No. 55, defendant brief at 6-7), are inapposite. None involved a continued dispute over the timeliness of the foreclosure action following restoration. Here, due to a change in the law, among other arguments currently before the court in the 2018 Action, the issue of the timeliness of the 2018 Action has yet to be fully resolved. As such, the restoration of that action does not absolutely refute WHI's allegation that the statute of limitation to bring an action to foreclose on the Mortgage has expired (*see contra 68 16th Realty, LLC v Bank of N.Y.*, 190 AD3d 796, 797 [2d Dept 2021] [dismissing an RPAPL 1501 (4) action, where the defendant mortgagee succeeded in vacating the dismissal of its foreclosure action, thereby demonstrating that plaintiff's allegations, that the foreclosure action had been dismissed and a new one not timely commenced, "were not facts at all, and that no significant dispute existed regarding them"]; *HSBC Bank USA, N.A. v Kone*, 188 AD3d 836, 838 [2d Dept 2020] [same]; *Mizrahi v US Bank, N.A.*, 156 AD3d 617, 618 [2d Dept 2017] [dismissing an action to cancel and discharge the mortgage, where the related foreclosure action was still pending due to mortgagee's appeal, thus refuting plaintiff's allegations that it had been dismissed and new action not timely commenced]; *63-65 Corp. v Prevosti*, 28 AD3d 469, 470 [2d Dept 2006] [dismissing an action to cancel and discharge the mortgage, where there was another action pending in which the defendant had "timely asserted a counterclaim . . . to recover the entire debt]).

Therefore, to the extent that defendants seek dismissal of the RPAPL 1501 (4) claim pursuant to CPLR 3211 (a) (1) and (7), the motion is denied.

Accordingly, it is hereby

ORDERED that the motion to dismiss is denied in its entirety; and it is further

151910/2021   WHERE THE HEART IS LLC vs. NEWREZ LLC D/B/A SHELLPOINT
Motion No. 002

Page 15 of 16

ORDERED that defendants are directed to serve an answer to the complaint within 20 days

after service of a copy of this order with notice of entry.


February 2, 2024
_____                                        _____
DATE                                                   SHLOMO S. HAGLER, J.S.C.

CHECK ONE:          [  ] CASE DISPOSED          [X] NON-FINAL DISPOSITION
                    [  ] GRANTED    [X] DENIED   [  ] GRANTED IN PART    [  ] OTHER
APPLICATION:        [  ] SETTLE ORDER           [  ] SUBMIT ORDER
CHECK IF APPROPRIATE: [  ] INCLUDES TRANSFER/REASSIGN  [  ] FIDUCIARY APPOINTMENT  [  ] REFERENCE

[* 16]